UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>ANDREW OWIMRIN,<br> a/k/a "Andrew Owens,"<br> a/k/a "Jonathan Stewart,"<br><br>SHAHRAM KETABCHI,<br> a/k/a "Steve Ketabchi,"<br><br>            Defendants. | 17 Cr. 243 (SHS) |

**GOVERNMENT'S REQUESTS TO CHARGE**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

Kiersten A. Fletcher
Benet J. Kearney
Robert B. Sobelman
Assistant United States Attorneys

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-                                                           17 Cr. 243 (SHS)

ANDREW OWIMRIN,
        a/k/a "Andrew Owens,"
        a/k/a "Jonathan Stewart,"

SHAHRAM KETABCHI,
        a/k/a "Steve Ketabchi,"

                Defendants.

## GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

## TABLE OF CONTENTS

GOVERNMENT'S REQUESTS TO CHARGE .......................................................................... i

TABLE OF CONTENTS........................................................................................................... iii

REQUEST NO. 1 General Requests.......................................................................................... 1

REQUEST NO. 2 The Indictment ............................................................................................. 2

REQUEST NO. 3 Summary of Indictment................................................................................ 3

REQUEST NO. 4 Conspiracy Generally .................................................................................. 4

    Existence of the Conspiracy.................................................................................................. 5

    "Willfully" and "Knowingly" .............................................................................................. 6

REQUEST NO. 5 Count One: Conspiracy to Commit Wire Fraud – The Statute and Elements .. 9

REQUEST NO. 6 Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy . 10

REQUEST NO. 7 Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy: Existence of Scheme or Artifice to Defraud ................................................................... 11

REQUEST NO. 8 Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy: Knowing Participation in Scheme with Intent to Defraud ............................................. 13

REQUEST NO. 9 Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy: Use of Interstate Wires.................................................................................................. 16

REQUEST NO. 10 Count Two: Conspiracy to Commit Money Laundering – Elements ........... 18

REQUEST NO. 11 Count Two: Conspiracy to Commit Money Laundering – First and Second Elements: Existence of the Conspiracy and Knowing Membership in the Conspiracy ............... 19

REQUEST NO. 12 Count Two: Conspiracy to Commit Money Laundering21 Object One:  1956 Money Laundering – Elements ....................................................................................... 21

REQUEST NO. 13 Count Two: Conspiracy to Commit Money Laundering Object One:  1956 Money Laundering – First Element:  Financial Transaction ...................................... 22

REQUEST NO. 14 Count Two: Conspiracy to Commit Money Laundering Object One:  1956 Money Laundering – Second Element: "Proceeds of Specified Unlawful Activity" .................. 24

REQUEST NO. 15 Count Two: Conspiracy to Commit Money Laundering Object One:  1956 Money Laundering – Third Element:  Knowledge That Property Was Proceeds of Unlawful Activity ..................................................................................................................... 25

REQUEST NO. 16 Count Two: Conspiracy to Commit Money Laundering Object One:  1956 Money Laundering – Fourth Element:  Intent to Promote the Carrying on of the Specified Unlawful Activity ........................................................................................................ 26

REQUEST NO. 17 Count Two: Conspiracy to Commit Money Laundering Object Two:  1957 Money Laundering – Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – Elements ......................................................................... 27

REQUEST NO. 18 Count Two: Conspiracy to Commit Money Laundering Object Two:  1957 Money Laundering – First Element: Engaging in a Monetary Transaction ................................ 28

REQUEST NO. 19 Count Two: Conspiracy to Commit Money Laundering Object Two:  1957 Money Laundering – Second Element: Transaction Involved Criminally Derived Property ...... 29

REQUEST NO. 20 Count Two: Conspiracy to Commit Money Laundering Object Two:  1957 Money Laundering – Third and Fourth Elements: Property Derived From Specified Unlawful Activity ............................................................................................................................ 30

REQUEST NO. 21 Count Two: Conspiracy to Commit Money Laundering Object Two:  1957 Money Laundering – Fifth Element: Transaction Took Place in the United States .................... 31

REQUEST NO. 22 Conscious Avoidance ....................................................................................... 32

REQUEST NO. 23 Venue ............................................................................................................... 34

REQUEST NO. 24 Time of Offense ............................................................................................... 35

REQUEST NO. 25 Law Enforcement Witnesses ........................................................................... 36

REQUEST NO. 26 Cooperating Witness Testimony ..................................................................... 37

REQUEST NO. 27 Formal / Informal Immunity of Government Witnesses ............................... 40

REQUEST NO. 28 Expert Testimony ............................................................................................ 42

REQUEST NO. 29 Character Testimony ....................................................................................... 43

REQUEST NO. 30 Defendant's Testimony ................................................................................... 44

REQUEST NO. 31 Defendant's Right Not to Testify .................................................................... 45

REQUEST NO. 32 Uncalled Witnesses – Equally Available to Both Sides............................... 46

REQUEST NO. 33 Particular Investigative Techniques Not Required....................................... 47

REQUEST NO. 34 Persons Not on Trial....................................................................................... 48

REQUEST NO. 35 Preparation of Witnesses ............................................................................... 49

REQUEST NO. 36 Charts and Summaries – Not Admitted As Evidence .................................. 50

REQUEST NO. 37 Charts and Summaries – Admitted as Evidence .......................................... 51

REQUEST NO. 38 Use of Recordings, Text Messages and E-Mails.......................................... 52

REQUEST NO. 39 Use of Evidence Seized Pursuant to Searches ............................................. 54

REQUEST NO. 40 Stipulations.................................................................................................... 54

REQUEST NO. 41 Redactions ...................................................................................................... 56

REQUEST NO. 42 Limiting Instruction – Similar Act Evidence .............................................. 56

CONCLUSION............................................................................................................................. 57

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Role of Court and Jury.

b.    Indictment Not Evidence.

c.    Statements of Court and Counsel Not Evidence.

d.    Burden of Proof and Presumption of Innocence.

e.    Reasonable Doubt.

f.    Government Treated Like Any Other Party.

g.    Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

h.    Inferences.

i.    Credibility of Witnesses.

j.    Right to See Exhibits and Have Testimony Read During Deliberations.

k.    Sympathy: Oath of Jurors.

l.    Punishment is Not to Be Considered by the Jury.

m.    Verdict of Guilt or Innocence Must Be Unanimous.

1

**REQUEST NO. 2**

**The Indictment**

The defendants, ANDREW OWIMRIN, a/k/a "Andrew Owens," a/k/a "Jonathan Stewart," and SHAHRAM KETABCHI, a/k/a "Steve Ketabchi," have been formally charged in what is called an Indictment. An indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendants' guilt. It creates no presumption and it permits no inference that the defendants are guilty. You are to give no weight to the fact that an indictment has been returned against the defendants.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

2

## REQUEST NO. 3

### Summary of Indictment

The Indictment contains two counts or "charges."

Count One of the Indictment charges that, from at least in or about October 2013, up to and including in or about March 2017, the Defendants conspired, that is, agreed, with at least one other person, to violate the federal statute that makes it unlawful to commit wire fraud. As I will explain in more detail later, a conspiracy, such as the ones charged in Count One, is a criminal agreement to violate the law.

Count Two of the Indictment charges that, from at least in or about October 2013, up to and including in or about December 2016, the Defendants conspired, that is, agreed, with at least one other person, to violate the federal statute that makes it unlawful to commit money laundering.[1]

That is a summary of the two counts in the Indictment. You must consider each count separately, and you must return a separate verdict of guilty or not guilty on each count. Whether you find each defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

With that summary of the Indictment as background, I will now give you detailed instructions that relate to the crimes charged in Counts One and Two.

> Sand, et al., Modern Federal Jury Instructions, Instr. 3-6; the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993); and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).

---

[1] As the Government informed defense counsel on September 15, 2018, the Government intends to seek a superseding indictment in advance of trial adding SHAHRAM KETABCHI to Count Two. The Government does not anticipate any additional discovery resulting from this change.

3

**REQUEST NO. 4**

**Conspiracy Generally**

Now, I'm going to begin by charging you on the law of conspiracy, and you will apply this instruction to the charges alleged in both Counts One and Two, which require proof of a conspiracy and the defendant's membership in that conspiracy, as described in more detail below.

A conspiracy is kind of a criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy, which simply means agreement to violate a federal law, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Indeed, you may find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes which were the objects of the conspiracy were never committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.

To sustain its burden of proof with respect to an allegation of conspiracy, the Government must prove beyond a reasonable doubt the following:

First, the existence of the conspiracy charged in the Indictment; that is, the existence of any agreement or understanding to commit the unlawful objects of each conspiracy.

Second, the Government must prove that the defendant knowingly became a member of the conspiracy with intent to further its illegal purpose; that is, with the intent to commit an object of the charged conspiracy.

I'll separately discuss each of these elements.

4

## Existence of the Conspiracy

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy. If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

To satisfy this element of a conspiracy – namely, to show that the conspiracy existed – the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost invariably secret in its origin and execution.

In determining whether such an agreement existed, you may consider direct as well as circumstantial evidence. The old adage, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken altogether and considered as whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof, such as evidence of an express agreement. On this question, you should refer back to my earlier instructions on direct and

circumstantial evidence and inferences.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in Counts One and Two of the Indictment.

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged existed, then you must next consider the second element: namely, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In order to satisfy the second element, the Government must prove beyond a reasonable doubt that the defendants knowingly and willfully entered into the conspiracy with a criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective.

### "Willfully" and "Knowingly"

An act is done "knowingly" and "willfully" if it is done deliberately and purposely — that is, a defendant's actions must have been his conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

To satisfy its burden of proof that a defendant willfully and knowingly became a member of a conspiracy to accomplish an unlawful purpose, the Government must prove beyond a reasonable doubt that the defendant knew that he was a member of an operation or conspiracy to accomplish that unlawful purpose, and that his action of joining such an operation or conspiracy was not due to carelessness, negligence, or mistake.

Now, knowledge, of course, is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he is thinking.

However, you do have before you the evidence of acts alleged to have taken place by or with the defendant or in his presence. A defendant's knowledge is a matter of inference from the facts proven. In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member of the conspiracy, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

The duration and extent of a defendant's participation in the conspiracy charged in Counts One and Two has no bearing on the issue of that defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was still a member. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times.

Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, a person may know, assemble with, or be friendly with, one or more members of a conspiracy, without being a conspirator himself. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. What is necessary is that a defendant must have participated with knowledge of at least some of the purposes or objects of the conspiracy

7

and with the intention of aiding in the accomplishment of those unlawful ends.

If you find a conspiracy existed and that the defendant was a member, you may take into account against the defendant any acts or statements made by any of his coconspirators, even though such acts or statements were not made in the presence of the defendant or even if they were made without his knowledge.

Moreover, once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

In sum, in order to find a defendant guilty of conspiracy, you must find that the defendant, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

> Adapted from the charges given in United States v. Ilya Voruch, 08 Cr. 820 (GBD); United States v. Edmund Boyle, 08 Cr. 523 (CM); United States v. Tone Grant, 05 Cr. 1192 (NRB); United States v. Angelo Nicosia, 07 Cr. 907 (SAS); United States v. Xiang Chen, 02 Cr. 300 (LAK); and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS); see also Sand, et al., Modern Federal Jury Instructions, Instr. 19-6.

## REQUEST NO. 5

### Count One: Conspiracy to Commit Wire Fraud – The Statute and Elements

The defendants are charged in Count One with participating in a conspiracy to violate the federal statute that makes it unlawful to commit wire fraud.  Specifically, Count One charges that the defendant agreed with at least one other person to commit wire fraud by operating telemarketing floors that called victims and convinced them to write checks or authorize credit card charges in order to invest in purported home-based business.

The elements of Count One are the elements I just described for conspiracy generally:

First, the existence of the conspiracy; that is, the existence of an agreement or understanding to commit the unlawful object of the charged conspiracy, which in this case is wire fraud.

Second, that the defendant you are considering willfully and knowingly became a member of the conspiracy, with intent to further its illegal purposes – that is, with the intent to commit the object of the charged conspiracy.

Now let us separately consider each of these elements for Count One.

> Adapted from the charge in United States v. Weissman,
> 01 Cr. 529 (BSJ) and the charge of the Honorable Sidney H. Stein
> in United States v. Odiase, 16 Cr. 587 (SHS).

9

**REQUEST NO. 6**

**Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy**

The object of the conspiracy charged in Count One of the Indictment is wire fraud. In order to prove that each defendant is guilty of the conspiracy offense charged in Count One, the Government must establish beyond a reasonable doubt that the defendant agreed with others to commit wire fraud. The elements of wire fraud are:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with the specific intent to defraud; and

Third, that the scheme was executed by using, or causing others to use, interstate or foreign wires.

If you find beyond a reasonable doubt that the defendant agreed with at least one other person that those things be done, then the wire fraud objective would be proved.

> Adapted from the charge given in United States v. Weissman, 01 Cr. 529 (BSJ); Sand, et al., Modern Federal Jury Instructions, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).

## REQUEST NO. 7

**Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy: Existence of Scheme or Artifice to Defraud**

The first element of wire fraud is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an object. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises. It is a plan to deprive another of money or property by trick, deceit, deception, swindle, or overreaching.

In order to establish a scheme to defraud, the Government need not show that any defendant made a misrepresentation. A scheme to defraud can exist even if the scheme did not progress to the point where misrepresentations would be made. In addition, even if you find that the statements the Government contends were made or contemplated by the defendant in furtherance of the scheme were literally true, you can still find that the first element of the wire fraud statute has been satisfied if the statements and/or conduct of the defendant were deceptive. You may also find the existence of such a scheme if you find that the defendant conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

A scheme to defraud need not be shown by direct evidence, but may be established by all

11

the circumstances and facts in the case.

A "pretense, representation, or statement" is fraudulent if it was made falsely and with intent to deceive. A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The false or fraudulent representation or concealment must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts.

In order to satisfy this first element, the Government must also prove that the alleged scheme contemplated depriving another of money or property. It is not necessary for the Government to establish that the defendant actually realized any gain from the scheme or that any particular person actually suffered any loss as a consequence of the fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-4 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).

## REQUEST NO. 8

### Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy: Knowing Participation in Scheme with Intent to Defraud

The second element of wire fraud is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that a defendant participated in or have knowledge of all of the operations of the scheme. The guilt of a defendant is not governed by the extent of his participation.

It also is not necessary that a defendant participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if a defendant participated in the scheme to a lesser degree than others, he is

nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

A defendant acted with specific intent to defraud if he engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

The question of whether a person acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. As I explained before, direct proof of knowledge, willfulness, and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may

also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

At this point, let me advise you that since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of wire fraud. A defendant has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 44-5 and the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Odiase</u>, 16 Cr. 587 (SHS).

15

## REQUEST NO. 9

### Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy: Use of Interstate Wires

Now, the third and final element of wire fraud is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as New Jersey, California, or a territory, such as the U.S. Virgin Islands, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

If you find beyond a reasonable doubt that the defendant agreed with others to commit

the offense of wire fraud as I've just defined it for you, you should convict the defendant on

Count One.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-7 (based on the charge of the Honorable Edward Weinfeld in <u>United States</u> v. <u>Ranney</u>, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Honorable Ronnie Abrams in <u>United States</u> v. <u>Tagliaferri</u>, 13 Cr. 115 (S.D.N.Y. 2014); the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Uccio</u>, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in <u>United States</u> v. <u>Rogers</u>, 90 Cr. 377 (S.D.N.Y. 1991); and the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Odiase</u>, 16 Cr. 587 (SHS); <u>Pereira</u> v. <u>United States</u>, 347 U.S. 1, 8-9 (1954) (defendant "causes" mailing so long as he "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such can reasonably be foreseen."); <u>United States</u> v. <u>Keats</u>, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), <u>cert. denied</u>,  502 U.S. 950 (1991); <u>United States</u> v. <u>Bortnovsky</u>, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement in mail fraud case; holding that letter mailed two years after fraud by innocent third party was "reasonably foreseeable" and "in furtherance" of fraud); <u>United States</u> v. <u>Blackmon</u>, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); <u>United States</u> v. <u>Muni</u>, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); <u>Schmuck</u> v. <u>United States</u>, 489 U.S. 705 (1989); <u>United States</u> v. <u>Paccione</u>, 949 F.2d 1183, 1196 (2d Cir. 1991), <u>cert. denied</u>, 112 S. Ct. 3029 (1992); <u>United States</u> v. <u>Keats</u>, 937 F.2d 58, 64 (2d Cir.), <u>cert. denied</u>, 112 S. Ct. 399 (1991).

## REQUEST NO. 10

### Count Two: Conspiracy to Commit Money Laundering – Elements

Count Two of the Indictment charges the defendants with conspiracy to engage in money laundering.  To prove a defendant guilty of the conspiracy charged in Count Two, the Government must prove beyond a reasonable doubt each of the same two elements I just described with respect to Count One:

First, the existence of the conspiracy; that is, the existence of an agreement or understanding to commit the unlawful object of the charged conspiracy, which in this case is money laundering;

Second, that the defendant you are considering willfully and knowingly became a member of the conspiracy, with the intent to further its illegal purposes – that is, with the intent to commit the object of the charged conspiracy.

> Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ) and United States v. Weissman, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS); and Sand, et al., Modern Federal Jury Instructions, Instr. 19-3.

18

## REQUEST NO. 11

### Count Two: Conspiracy to Commit Money Laundering – First and Second Elements: Existence of the Conspiracy and Knowing Membership in the Conspiracy

The instructions I provided earlier about what it means to have an unlawful agreement and what it means to knowingly enter into that agreement similarly apply to Count Two. Keep in mind, you may find a defendant guilty of the crime of conspiring to commit money laundering even if the substantive crime of money laundering was not actually committed. Conspiracy is a crime, even if the conspiracy is not successful, or if a defendant himself did not commit the substantive crime.

Now I will explain the requirement of the conspiracy alleged in Count Two that differs from the conspiracy alleged in Count One – the object of the conspiracy. Count Two of the Indictment alleges two separate objects. First, Count Two alleges that the defendants agreed to commit money laundering by engaging in financial transactions that involve the proceeds of the wire fraud, namely the telemarketing fraud, in order to promote the carrying on of the telemarketing fraud. Second, Count Two alleges that the defendants agreed to commit money laundering by engaging in monetary transactions greater than $10,000 involving the proceeds of the telemarketing fraud.

I am going to define the relevant terms for you in a minute. Right now I just want to emphasize that the government needs to prove that each defendant agreed with others to achieve one of these two alleged objects in order to convict that defendant on Count Two. The Government may but it is not obliged to prove both for either defendant and need not prove the same object for both defendants.

Here, there are two alleged objects of this conspiracy, assuming all the other elements of the offense are proved. If all 12 of you agree that object number one was an objective of the

conspiracy, you may convict even if you disagree on object number two or even if you think object number two was not part of the agreement.  For example, if six of you agree on object number one and the other six disagree, and six of you agree on object number two and the other six of you disagree, there is no object as to which all 12 of you are in agreement and you may not convict.  There must be unanimous agreement on at least one object in order to find that the conspiracy existed, but you need not find that both defendants conspired with others to achieve the same object.  For example, you may find that one defendant agreed with a third party to achieve the first object of the money laundering conspiracy and find that the other defendant agreed with a third party to achieve the second object of the money laundering conspiracy.

If the government fails to prove that at least one of the two objects was a goal of any conspiracy you find to have existed, then you must find the defendants not guilty on Count Two.

Adapted from the charge in <u>United States</u> v. <u>Datta</u>, S1 11 Cr. 102 (LAK).

**REQUEST NO. 12**

**Count Two: Conspiracy to Commit Money Laundering**

**Object One:  1956 Money Laundering – Elements**

The first object of Count Two is what is called promotional money laundering.  In order to prove the first object of Count Two, the Government must prove that the conspirators agreed to accomplish money laundering by:  (1) engaging in financial transactions, (2) involving the proceeds of specified unlawful activity, (3) which the conspirators knew were crime proceeds and (4) that the conspirators did so with the intent to promote the carrying on of the specified unlawful activity.  I will discuss each element in detail.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>,
> Instr. 50A-2.

**REQUEST NO. 13**

**Count Two: Conspiracy to Commit Money Laundering**

**Object One:  1956 Money Laundering – First Element:  Financial Transaction**

In order to prove the first object of Count Two, the Government must prove beyond a reasonable doubt is that two or more persons knowingly agreed to conduct a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "monetary instrument" means, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.  Any monetary transaction with a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC") affects interstate commerce, so if you find that Bank of America and/or JPMorgan Chase Bank was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 50A-3. *See* 18 U.S.C. §§ 1956(c)(2)-(c)(5) and the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Odiase</u>, 16 Cr. 587 (SHS).

## REQUEST NO. 14

### Count Two: Conspiracy to Commit Money Laundering

### Object One:  1956 Money Laundering – Second Element: Proceeds of Specified Unlawful Activity

The second element that the Government must prove beyond a reasonable doubt is that the property involved in the agreed upon financial transaction was the proceeds of some form of specified unlawful activity, namely, the telemarketing fraud.  The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through the specified unlawful activity, including the gross receipts of such activity.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  In this case, the government has alleged that the funds in question were the proceeds of wire fraud, specifically the telemarketing fraud. I instruct you that, as a matter of law, wire fraud falls within the definition of a "specified unlawful activity." However, it is for you to determine – based on the law as I have instructed you – whether wire fraud was committed, and whether the funds in question were the proceeds of that alleged unlawful activity.  It is also not necessary that the defendant himself committed the crime or the unlawful activity giving rise to the proceeds.  Put another way, you need not find that the defendant committed the underlying wire fraud in order to find him guilty of the money laundering conspiracy.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 50A-4 and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).

24

**REQUEST NO. 15**

**Count Two: Conspiracy to Commit Money Laundering**

**Object One:  1956 Money Laundering – Third Element:  Knowledge That Property Was Proceeds of Unlawful Activity**

The third element that the Government must prove beyond a reasonable doubt is that the conspirators agreed to engage in these financial transactions with knowledge that the transaction or transactions involved the proceeds of some form, though not necessarily which form, of unlawful activity that constitutes a felony under state, federal or foreign law.  The Government does not have to prove that the defendants knew the precise nature of that criminal offense, or that the defendant knew that the property involved in the transaction represented the proceeds of any particular "specified unlawful activity" as defined by the statute, such as wire fraud. The Government only has to prove that the defendant knew that the transaction involved the proceeds of some criminal offense.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 50A-4 and from the charge in <u>United States </u>v. <u>Datta</u>, S1 11 Cr. 102 (LAK).

25

**REQUEST NO. 16**

**Count Two: Conspiracy to Commit Money Laundering**

**Object One:  1956 Money Laundering – Fourth Element:  Intent to Promote the Carrying
on of the Specified Unlawful Activity**

The fourth element that the Government must prove beyond a reasonable doubt is that the conspirators agreed to engage in these financial with the knowledge that the purpose of the transaction was to promote the carrying on of specified unlawful activity, namely the telemarketing fraud.  Whether each defendant intended to promote the carrying on of the telemarketing fraud may be established by proof of the defendant's actual knowledge; by circumstantial evidence; or by the defendant's conscious avoidance.  In other words, you are entitled to find from the circumstances surrounding the financial transactions or attempted financial transactions the purpose of that activity and

the defendant's knowledge.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr.
> 50A-5.

**REQUEST NO. 17**

**Count Two: Conspiracy to Commit Money Laundering**

**Object Two:  1957 Money Laundering – Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – Elements**

The second object of Count Two of the Indictment charges the defendants with conspiring to engage in monetary transactions over $10,000 in property derived from specified unlawful activity. For you to find the defendants agreed to commit money laundering, with the second object of Count Two, you must find that the defendants agreed:

First, to engage in a monetary transaction in or affecting interstate commerce.

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000.

Third, that the property was derived from specified unlawful activity.

Fourth, that the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense.

Fifth, that the transaction took place in the United States.

I remind you that you need not find the defendant had both objectives of Count Two in order to convict the defendant.  It is sufficient if you are unanimous that he agreed with others to achieve one of the unlawful objectives.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 50A-26 and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).  See 18 U.S.C. § 1957.

## REQUEST NO. 18

### Count Two: Conspiracy to Commit Money Laundering

### Object Two:  1957 Money Laundering – First Element: Engaging in a Monetary Transaction

The first element which the government must prove beyond a reasonable doubt is that the defendants agreed to engage in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal. As I explained earlier, this effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that Bank of America and/or JPMorgan Chase Bank was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 50A-27 and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).

## REQUEST NO. 19

### Count Two: Conspiracy to Commit Money Laundering

### Object Two:  1957 Money Laundering – Second Element: Transaction Involved Criminally Derived Property

The second element which the government must prove beyond a reasonable doubt is that the defendants agreed to engage in monetary transactions involving criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.  The terms "specified unlawful activity" and "proceeds" have the same meanings I provided previously with respect to the first object of the conspiracy.  I instruct you as a matter of law that wire fraud is both a criminal offense and specified unlawful activity.

The government is not required to prove that all of the property involved in the transaction was criminally derived property.  However, the government must prove that more than $10,000 of the property involved was criminally derived property.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 50A-28 and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).

**REQUEST NO. 20**

**Count Two: Conspiracy to Commit Money Laundering**

**Object Two:  1957 Money Laundering – Third and Fourth Elements: Property Derived From Specified Unlawful Activity**

The third and fourth elements of the crime constituting the second object of the conspiracy charged in Count Two are, respectively, that the criminally derived property must be of a value greater than $10,000, and that the criminally derived property must also, in fact, have been derived from a specified unlawful activity, here from the telemarketing fraud.

The term "specified unlawful activity" was defined previously, and that definition applies equally to this second object of the conspiracy charged in Count Two.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that more than $10,000 of the property involved was criminally derived property.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 50A-28 and the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Odiase</u>, 16 Cr. 587 (SHS).

## REQUEST NO. 21

### Count Two: Conspiracy to Commit Money Laundering

### Object Two:  1957 Money Laundering – Fifth Element: Transaction Took Place in the United States

The fifth element which the government must prove beyond a reasonable doubt is that the

agreed upon transaction took place in the United States.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 50A-31 and the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Odiase</u>, 16 Cr. 587 (SHS).

**REQUEST NO. 22**

**Conscious Avoidance**

I told you earlier that the defendant must have acted knowingly in order to be convicted. This is true with respect to the objects of the conspiracy charged in Counts One and Two. In determining whether the defendant acted knowingly with respect to the objectives of the conspiracy, you may consider whether the defendant closed his eyes to what otherwise would have been obvious to him. That is what the phrase "conscious avoidance" refers to.

As I told you before, acts done knowingly must be a product of a person's conscious intention. They cannot be the result of carelessness, negligence, or foolishness. But a person may not intentionally remain ignorant of a fact that is material and important to his conduct in order to escape the consequences of criminal law. We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance.

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew. Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

You must also keep in mind that there is an important difference between intentionally participating in the conspiracy, on the one hand, and knowing the specific object or objects of the conspiracy, on the other. You may consider conscious avoidance in deciding whether the defendant knew the objective or objectives of a conspiracy; that is, whether the defendant reasonably believed that there was a high probability that a goal of the conspiracy was to commit

32

the crimes charged as objects of that conspiracy and deliberately avoided confirming that fact but participated in the conspiracy anyway. But conscious avoidance cannot be used as a substitute for finding that the defendant intentionally joined the conspiracy in first place. It is logically impossible for a defendant to intend and agree to join a conspiracy if he does not actually know it exists.

In sum, if you find that a defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

> Adapted from the charge in United States v. Datta, S1 11 Cr. 102 (LAK); and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).  See also United States v. Kozeny, 667 F.3d 122, 132 (2d Cir. 2011) (the "jury may be instructed on conscious avoidance only where '(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of a fact in dispute and consciously avoided confirming that fact.'") (quoting United States v. Ferrarini, 219 F.3d 145, 154 (2d Cir. 2000); United States v. Reyes, 302 F.3d 48, 54 (2d Cir. 2002) (in addition to actual knowledge, "a defendant can also be said to know a fact if he 'is aware of a high probability of its existence, unless he actually believes that it does not exist.'") (quoting Leary v. United States, 395 U.S. 6, 46 n.93 (1969)); United States v. Ferrarini, 219 F.3d 145, 154 (2d Cir. 2000) ("A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact.").

## REQUEST NO. 23

### Venue

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York encompasses the following counties: New York County (i.e., Manhattan), Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties. Anything that occurs in any of those places occurs in the Southern District of New York.

I should note that on this issue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York. Thus, with respect to each Count, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged, or any act in furtherance of the crime charged, occurred within the Southern District of New York.

I also note that the defendant need not be the individual who committed the act in furtherance of the conspiracy and the act may have been committed by a co-conspirator, even if that co-conspirator is not a defendant in this case.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11.; the charge of the Honorable William H. Pauley, III in United States v. Rahman, 09 Cr. 442 (WHP) (S.D.N.Y. 2009); the charge of the Honorable Michael B. Mukasey in United States v. Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), Tr. at 439; the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991); and the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

34

**REQUEST NO. 24**

**Time of Offense**

The Indictment alleges that certain acts occurred on or about a specific date. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date. The law requires only a substantial similarity between the dates and amounts alleged in the indictment and the dates and amounts established by the evidence.

Adapted from the charge of the Honorable Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).

35

**REQUEST NO. 25**

**Law Enforcement Witnesses**

You have heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-16; and the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Odiase</u>, 16 Cr. 587 (SHS).

**REQUEST NO. 26**

**Cooperating Witness Testimony**

*[If applicable]*

You have also heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given

the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about cooperation agreements entered into between the Government and various cooperating witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

Adapted from the charge given in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365; and from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-5. <u>See also United States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); <u>United States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## REQUEST NO. 27

### Formal / Informal Immunity of Government Witnesses

*[If applicable]*

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court (formal immunity), or who have been promised by the Government in written agreements that in consideration for their truthful testimony and cooperation with the Government, they will not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors (informal immunity). With respect to both categories of witnesses, what this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is permitted to enter into non-prosecution agreements and is entitled to call as witnesses people to whom these promises have been given. You may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been given a written non-prosecution agreement by the Government should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that she can win her own freedom by helping to convict another, has a motive to falsify her testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

40

Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-8 and the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Odiase</u>, 16 Cr. 587 (SHS).

**REQUEST NO. 28**

**Expert Testimony**

*[If applicable]*

You have heard testimony from a witness/certain witnesses who was/were proffered as (an) expert(s) in different areas. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

42

**REQUEST NO. 29**

**Character Testimony**

*[If Applicable]*

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

> Adapted from the charge in United States v. Pujana- Mena, 949 F.2d
> 24, 27-31 (2d Cir. 1991) (specifically approving charge).

43

**REQUEST NO. 30**

**Defendant's Testimony**

*[Requested only if the defendant testifies]*

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

The defendant testified at trial and was subject to cross-examination. You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

See United States v. Gaines, 457 F.3d 238, 249 (2d Cir. 2006).

## REQUEST NO. 31

### Defendant's Right Not to Testify

*[If requested by defense]*

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.

No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

## REQUEST NO. 32

### Uncalled Witnesses – Equally Available to Both Sides

There are people whose names you heard during the course of the trial but did not appear to testify. [If applicable: One or more of the attorneys has referred to their absence from the trial.]  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

46

## REQUEST NO. 33

### Particular Investigative Techniques Not Required

*[If applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

## REQUEST NO. 34

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or

the defendants on trial from the fact that any person in addition to the defendants is not on trial

here. You also may not speculate as to the reasons why other persons are not on trial. Those

matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the charge of the Honorable Henry F. Werker in
> United States v. Barnes, S 77 Cr. 190 (S.D.N.Y. 1977), aff'd, 604
> F.2d 121, 147 (2d Cir. 1979); and the charge of the Honorable
> Sidney H. Stein in United States v. Odiase, 16 Cr. 587 (SHS).

**REQUEST NO. 35**

**Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adopted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**REQUEST NO. 36**

**Charts and Summaries – Not Admitted As Evidence**

*[If Applicable]*

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence. At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand et al., Modern Federal Jury Instructions, Instr. 5-13.

**REQUEST NO. 37**

**Charts and Summaries – Admitted as Evidence**

*[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-12. <u>See also</u>
> Fed. R. Evid. 1006.

**REQUEST NO. 38**

**Use of Recordings, Text Messages and E-Mails**

Recordings of telephone conversations, text messages, and e-mails have been admitted into evidence. I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions regarding the obtaining of such evidence, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved each defendant's guilt beyond a reasonable doubt. What weight you give these materials, if any, is completely within your discretion.

Adapted from charge of the Honorable Michael B. Mukasey in
United States v. Joseph Brideson et al., S6 00 Cr. 1118 (MBM).

**REQUEST NO. 39**

**Use of Evidence Obtained Pursuant To Searches**

You have heard testimony about evidence seized in connection with searches that were conducted by law enforcement officers, including an apartment in Nevada in which the Defendant resided and a hotel in New Jersey where the Defendant was staying at the time of the search.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.  Indeed, such searches are entirely appropriate law enforcement actions.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I instruct you that the government's use of the evidence is lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proven the Defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight, if any, to give to this evidence.

> Adapted from jury charge given in United States v. Williams,
> No. 14 Cr. 784 (RJS)

## REQUEST NO. 40

### Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true.

> Adapted from the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (S.D.N.Y. 1992); the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Odiase</u>, 16 Cr. 587 (SHS); and from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instrs. 5-6 & 5-7.

**REQUEST NO. 41**

**Redactions**

*[If applicable]*

We have, among exhibits received in evidence, some documents that are redacted.  And redacted means simply that part of the document was taken out.  You are to concern yourself only with the part of the exhibit that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been redacted or deleted.  Don't speculate what was there or why it was redacted.   You should concern yourself only with what is in evidence.

Adapted from the jury charge given in <u>United States</u> v. <u>Nina</u>, No. 12 Cr. 322 (RJS).

**REQUEST NO. 42**

**Limiting Instruction – Similar Act Evidence**

*[If applicable]*

The Government has offered evidence tending to show that on another occasion, the defendant engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged.

Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose.

Specifically, you may not use this evidence to conclude that because the defendant committed the other act or acts she must also have committed the acts charged in the Indictment.

Adapted from the charge of Hon. John Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand et al., Modern Federal Jury Instructions, Instr. 5-25.

## CONCLUSION

That almost completes my instructions. I will close briefly with final directions as to how you are to arrive at your verdict.

The evidence presented has raised factual issues that you must decide as trier of the facts and you must resolve those issues solely on the basis of the evidence you have heard or the lack of evidence and my instructions on the law. Your sworn duty is to determine whether the defendant is guilty or not guilty solely on the basis of the evidence or lack of evidence and my instructions on the law.

Again I remind you, you must not be influenced by sympathy or by any assumption, conjecture or inference stemming from personal feelings, the nature of the charges or your view of the relative seriousness or lack of seriousness of the alleged crime.

I caution you that under your oath as jurors you are not to consider the punishment that may be imposed upon the defendant if she is convicted. The duty of imposing a sentence in the event of conviction rests exclusively upon me.  Your function is to weigh the evidence in the case and to determine the guilt or non-guilt of the defendant solely upon the evidence and the law which I have given to you and which you must apply.

Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. However, you are not to give up a point of view that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence and the facts and the law that is the

correct way to decide the case.

We have made a record of these proceedings. If any of you wish at any time to have any part of the testimony read back, then simply have the foreperson send me a note, dated and with the time, to that effect, and we will comply with your request as quickly as we can. I am not suggesting that you must or should do this. I am simply saying that it is a service we can make available to you. It would be helpful in the case of such a request if your note is as precise as possible so that we can know exactly what it is that you need. It does take time for the court reporter to find testimony in the transcript. Therefore, please be patient if you send a note and there seems to be a delay in our response to you. Finally, if you do send me any notes, however, please make sure you do not give any indication of your present state of thinking on any disputed issue; particularly, you must not inform me of your vote count on any issue. The foreperson should sign any notes that you send to me.

In the course of your deliberations, you have the right to review any of the exhibits that have been received in evidence. If you wish to see any of these exhibits, simply have your foreperson send me a note requesting the exhibits you wish to see. Again, however, I stress that no note should give me any indication of your thinking on any disputed issue or on your verdict.

Your verdict will and must be announced only in open court at the end of your deliberations.  Your verdict must be by a unanimous vote of all of you.

The juror who sits in the number one chair will be the foreperson of the jury unless for any reason that person prefers not to act in that capacity, in which event your first order of business will be to send me a note, signed and dated, identifying the new foreperson. Finally, when you reach a verdict, all of you should sign the verdict sheet and then send me a note stating that you have reached a verdict. Do not specify what the verdict is in the note.

Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.  I remind you that your verdict must be unanimous.

Dated:  New York, New York
         September 17, 2018

                                         Respectfully submitted,

                                         GEOFFREY S. BERMAN
                                         United States Attorney

                         By:     /s/_____
                                 Kiersten A. Fletcher
                                 Benet J. Kearney
                                 Robert B. Sobelman
                                 Assistant United States Attorneys